# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AUTO CHEM LABORATORIES, INC., *et al.*, | : | |
| | : | Case No. 3:07cv00156 |
| Plaintiffs, | : | |
| | : | District Judge Walter Herbert Rice |
| vs. | | Magistrate Judge Sharon L. Ovington |
| | : | |
| TURTLE WAX, INC., | : | |
| Defendant. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. #26), Defendant Turtle Wax, Inc.'s Response in Opposition (Doc. #38), and the record as a whole.

At the outset of this case, the Court filed a Preliminary Pretrial Conference Order setting, in part, a cut-off date for filing motions to amend as "30 days after Court's ruling on Pending Motion to Dismiss, filed on May 17, 2007, Doc.# 10." (Doc. #18 at 2).

On September 23, 2008, the Court filed a Decision and Entry (Doc. #32) ruling on Turtle Wax's Motion to Dismiss. On September 30, 2008, the Court filed an Amended Decision and Entry (Doc. #35). At that point (at the latest) – pursuant to the mandate of the Preliminary Pretrial Order – Plaintiffs had thirty days to file their Motion to Amend Complaint. (Doc. #18 at 2). Yet Plaintiffs did not file their Motion until November 10,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Amended Report and Recommendations.

2008, more than one week after the expiration of the thirty-day deadline.[2]

Plaintiffs did not seek an extension of time to file their Motion for Leave to File First Amended Complaint. Plaintiffs do not explain their untimely filing. Without an explanation, Plaintiffs have not asserted or established good cause, as required by Fed. R. Civ. P. 16(b), for modifying the Court's Preliminary Pretrial Order. As a result, Plaintiffs' Motion for Leave to File Amended Complaint is untimely.

Timeliness aside, Plaintiffs' Motion for Leave to Amend lacks merit. Plaintiffs seek leave to amend their Complaint to clarify their claim of unjust enrichment in accordance with the Court's ruling on Turtle Wax's Motion to Dismiss.

"Pursuant to Fed. R. Civ. P. 15(a), a court should freely give leave to amend a complaint 'when justice so requires.' However, leave to amend may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

The Court previously granted Turtle Wax's Motion to Dismiss Plaintiff's claim of unjust enrichment/breach of implied contract. (Doc. #32 at 38-45). In its decision, the Court recognized the distinction under Ohio law between express contracts and contracts implied in law (or quasi contracts): "'[t]he purpose of the quasi-contract action is not to compensate the plaintiff for any loss or damage suffered by him[,] but to compensate him for the benefit he has conferred on the defendant,' with the ensuing obligation on behalf of the recipient, 'to pay the reasonable worth of the benefit received.'" (Doc. #32 at 41-42)(quoting in part *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954)). The Court therefore focused on whether Plaintiffs alleged the <u>value</u> they provided to Defendant, as opposed to the <u>damages</u> of the Plaintiffs. *See* Doc. #32 at 43-44. The Court explained:

> Stated another way, courts look to see whether the complaint alleges

---

[2] The Court noted in its most recent Scheduling Order that the cut-off date for filing of motion to amend has "Expired." (Doc. #43 at 2).

> more than that a benefit was conferred. <u>Jan Bliwas v. Cent. States</u>, 188
> U.S.Dist. LEXIS 23316, *13 (S.D. Ohio 1998). Instead it must allege
> unjust enrichment by seeking to recover the value of something furnished to
> the defendant, rather than relying on express promises. <u>Landskroner v.
> Landskroner</u>, 154 Ohio App.3d 471, 490, 797 N.E.2d 1002 (Ohio 8th App.
> Dist. 2003).

(Doc. #32 at 43)(footnote omitted). Turning to Plaintiffs' Complaint, the Court found, in part:

> The Complaint merely asserts that the Plaintiffs have conferred benefits upon the Defendant. Nowhere in the Complaint is there an indication of the <u>value</u> of these benefits allegedly conferred or, more generally, that any transfer in consideration (e.g., by way of previous purchases of products) from the Defendant to the Plaintiffs was somehow deficient, as compared to the <u>value</u> of the benefits allegedly conferred upon the Defendant....

(Doc. #32 at 44) (emphasis in original). Plaintiffs now seek to correct their pleading problem, arguing, "As the original Complaint and the [proposed] First Amended Complaint clearly state, Plaintiffs conferred numerous benefits upon Turtle Wax over the course of many years. Plaintiffs simply seek to underscore/articulate the value of those benefits which Turtle Wax received from Plaintiffs." (Doc. #36 at 3).

A careful review of Plaintiffs' proposed First Amended Complaint reveals that they have added two potentially significant things to their unjust enrichment pleading, neither of which is sufficient to correct the problem identified in the Court's prior Decision, *see* Doc. #32 at 38-45. First, Plaintiffs' proposed First Amended Complaint sets forth additional **benefits** they provided to Turtle Way. These appear in paragraph 62 (emphasis added), which alleges:

> 62. Plaintiffs conferred benefits upon Turtle Wax, including but not limited to: expenditures of monies in the research and development of the SPS line and TD lines; **the purchase of raw materials to produce the SPS and TD lines; loans to continue to conduct business in furtherance of the TD and SPS lines; additional warehouse and storage expenses; development of a distribution**

3

> **company; capitalization and credit lines to support the SPS and TD lines**; authorship and design of packaging and marketing materials for the SPS and TD lines; existing copyrights of Auto Chem products; product information sheets; hands-on marketing and sales training for Turtle Wax personnel; and disclosure of personal industry contacts and customers.

The parts of paragraph 62 emphasized above do not add any significant information to the Complaint about the <u>value</u> of the benefits Plaintiffs conferred upon Turtle Wax; they merely set forth further iterations of the types of benefits Plaintiffs conferred. By not providing information about the value of these benefits, paragraph 62 does not overcome the problem described in the Court's prior Decision.

Second, Plaintiffs attempt to correct the omission-of-value problem in the next paragraph of their proposed First Amended Complaint, which states in full:

> 63. The value of benefits conferred by Plaintiffs to Turtle Wax far exceeds the value of what Plaintiffs received in return.

(Doc. #36, Exhibit 1). Although paragraph 63 addresses value, it does so in a generalized or conclusory manner. The conclusion in paragraph 63, along with all the allegations in Plaintiff's proposed Amended Complaint are insufficient to state claim for relief based on a theory of unjust enrichment because the reader is left to speculate as to the amount of value Plaintiffs provided to Turtle Wax. *See* Doc. #32 at 38-45. While Plaintiffs need not allege the exact amount of value of the benefits conferred, they must provide sufficient allegations to give rise to a reasonable, and hence plausible, inference supporting their conclusion – i.e., that the value Plaintiffs provided to Turtle Wax far exceed the value of what they received in return. *See Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(The measure of a Rule 12(b)(6) Motion to Dismiss – requiring the Complaint to raise a claim for relief above the speculative level – "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" (quoting in part *Bell Atlantic v. Twombly*, __ U.S.__, __, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal*,

__ U.S.__, __, 2009 WL 1361536 at *12 ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.")(citations an internal quotation marks omitted). Because Plaintiffs' proposed First Amended Complaint does not contain sufficient allegations to support the conclusion in paragraph 63, their new proposed claim of unjust enrichment fails to state a claim upon which relief could be granted. *See* Doc. #32 at 38-45. As a result, granting Plaintiffs leave to amend their unjust enrichment claim would be futile because their proposed amendments would not withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See Yuhasz*, 341 F.3d at 569.

Accordingly, Plaintiffs' Motion to for Leave to File First Amended Complaint is both untimely and meritless.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. #26) be DENIED.

May 27, 2009

                 s/ Sharon L. Ovington
                   Sharon L. Ovington
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Amended Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Amended Report is being served by mail. Such objections shall specify the portions of the Amended Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Amended Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).