IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AUTO CHEM LABORATORIES, INC., *et al*. | : |
| Plaintiffs, | : |
| | Case No. 3:07cv156 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| TURTLE WAX, INC., | : |
| Defendant. | : |

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. #36), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #45), WITH ONE EXCEPTION, AND OVERRULING PLAINTIFFS' OBJECTIONS THERETO (DOC. #47)

On March 26, 2007, Plaintiffs Auto Chem Laboratories, Inc. ("Auto Chem"), Procraft Industries, Inc. ("Procraft"), and Bruce K. Culpepper filed their Complaint in the Court of Common Pleas, in Montgomery County, Ohio. Based on the diversity of the parties, under 28 U.S.C. § 1332,[1] the Defendant removed the case to this Court, on April 26, 2007. Doc. #1.

The parties herein were previously engaged in various business dealings, involving developing, manufacturing and marketing high-end professional auto appearance products. It is the break-down of this business relationship that

---

[1] All three of the Plaintiffs "reside" in Ohio, while the Defendant's principal place of business is in Illinois. Doc. #2 ¶¶ 1-4.

prompted the Plaintiffs to file their Complaint, alleging: (1) promissory estoppel (Count I); (2) fraudulent misrepresentation (Count II); (3) fraudulent concealment (Count III); (4) negligent misrepresentation (Count IV); (5) breach of implied in law contract (unjust enrichment) (Count V); (6) breach of express contract (Count VI); and (7) conversion (Count VII). Doc. #2.

Subsequently, the Plaintiffs voluntarily dismissed Counts IV and VII. Doc. #15 (Not. of Vol. Dismissal). The Defendant then moved to dismiss the Plaintiffs' Complaint, asserting that all five remaining claims were barred by the applicable statutes of limitations, that the statute of frauds barred the claims for promissory estoppel and breach of express contract, and that none of the allegations stated claims upon which relief could be granted. Doc. #10. By Decision dated September 30, 2008, the Court overruled, in part, and sustained, in part, the Defendant's Motion to Dismiss. Doc. #35. As part of that Decision, the Court dismissed the Plaintiffs' implied in law contract (unjust enrichment) claim (Count V). Id. at 37-43.

Pertinent to the Motion that is presently before it,[2] in dismissing the unjust enrichment claim, the Court initially recognized that "there cannot be an express agreement and an implied contract for the same thing existing at the same time."

---

[2]The Court also dismissed that part of Count V that was grounded on the partnership allegations and the product purchase allegations pertaining to the SPS product line, on statute of limitations grounds. Doc. #35 at 18. The Plaintiffs' present Motion to Amend does not implicate that portion of the Court's previous Decision, however.

2

Id. at 40 (quoting Hughes v. Oberholtzer, 162 Ohio St. 330, 123 N.E.2d 393 (1954)). As will be more fully explained below, the Court then went on to determine whether the Complaint adequately alleged unjust enrichment, as opposed to re-pleading the express contract claim, in the guise of one for an implied in law contract. Id. In finding that it did not, the Court concluded that

> [t]he Complaint merely asserts that the Plaintiffs conferred benefits upon the Defendant. Nowhere in the Complaint is there an indication of the value of these benefits allegedly conferred or, more generally, that any transfer in consideration (e.g., by way of previous purchases of products) from the Defendant to the Plaintiffs was somehow deficient, as compared to the value of the benefits allegedly conferred upon the Defendant. Nor do the Plaintiffs pray to be compensated for the value of what they furnished the Defendant; rather, they seek damages. As in Hughes, the present Complaint relies upon the express promises of its breach of contract claim in the context of its unjust enrichment claim, rather than alleging that the Defendant was unjustly enriched at the expense of the Plaintiffs.

Id. at 43-44. In sum, then, the Court determined that the Complaint did not adequately allege unjust enrichment and, therefore, dismissed that claim.

Seeking "to clarify the unjust enrichment claim," the Plaintiffs have now moved the Court to amend their Complaint "consistent with this Court's Decision and Entry to Defendant's Motion to Dismiss, dated September 23, 2008, and where the Court noted that an unjust enrichment claim must allege 'value'." Doc. #36 at 2. After having reviewed the Plaintiffs' Motion and the various memoranda pertinent thereto, Magistrate Judge Ovington rendered a Report and Recommendations, wherein she recommended that the Plaintiffs' Motion be

3

overruled. Doc. #45. Both parties having responded to the Magistrate Judge's Report and Recommendations (Docs. #47, #48), the Court will now proceed with a review of the same, by first setting forth the standard of review and then analyzing the merits of the present Motion.

I.     Standard of Review

Except for certain dispositive motions, 28 U.S.C. § 636 provides that a district court may designate a magistrate judge to hear and determine pretrial matters pending before the court and that the court may then reconsider any such matter where it has been shown that the magistrate's judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).  A party may object to the magistrate judge's order, on nondispositive matters. Fed. R. Civ. Proc. 72(a).  In considering the objections, the reviewing court may, once again, set aside the magistrate judge's order if it is "clearly erroneous or is contrary to law." Id.

Courts apply the "clearly erroneous" standard only to factual findings made by the Magistrate Judge, while applying the "contrary to law" standard to the Magistrate Judge's legal conclusions. Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994).  The "clearly erroneous" standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case

4

differently." Anderson v. Bessemer City, 470 U.S. 564, 573, 84 L.Ed. 2d 518, 105 S. Ct. 1504 (1985). Instead, a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). As to the "contrary to law" standard, a district court's review is plenary and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." Gandee, 785 F. Supp. at 686 (citing Jernryd v. Nilsson, 117 F.R.D. 416, 417 (N.D. Ill. 1987) and quoting Adolph Coors Co. v. Wallace, 570 F. Supp. 202, 205 (N.D. Cal. 1983)). Thus, a district court must "exercise its independent judgment with respect to a Magistrate Judge's legal conclusions." Id. (citing Hawkins v. Ohio Bell Tel. Co., 93 F.R.D. 547, 551 (S.D. Ohio 1982), aff'd without op., 785 F.2d 308 (6th Cir. 1986); United States for Use and Benefit of Naberhaus-Burke v. Butt & Head, Inc., 535 F. Supp. 1155 (S.D. Ohio 1982)).

II. Standard for Motions to Amend Pleadings and Motions to Dismiss

Federal Rule of Civil Procedure 15 provides that a party may amend its pleadings, before trial, as follows:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the

> pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. Proc. 15(a). Subparagraph (2) applies in the present case. Thus, the Plaintiffs may amend their Complaint with leave of Court and "when justice so requires." However, the Sixth Circuit has recognized that "leave to amend may be denied where the amendment would be futile." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

Moving forward from this statement of law, the Court will now consider the standard by which it must adhere, in determining whether the Plaintiffs' proposed Amended Complaint would withstand a Rule 12(b)(6) motion to dismiss. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). The Supreme Court explains that, although this standard does not mandate "detailed factual allegations", the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555,167 L.Ed. 2d 929, 127 S. Ct. 1955 (2007) (citations omitted).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), the Supreme Court recently provided more guidance on this standard, which the Sixth Circuit summarizes as follows:

> [T]o survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," [Twombly, 550 U.S. at 555], and to "state a claim to relief that is plausible on its face," id. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. And although we must accept all well-pleaded factual allegations in the complaint as true, we need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)); see also Iqbal, 129 S. Ct. at 1949.

Hensley Mfg. v. ProPride, Inc., 2009 U.S. App. LEXIS 19797, **9-10 , 2009 FED App. 0324P (6th Cir. Sept. 3, 2009).

III.     Analysis

In her Report and Recommendations, the Magistrate Judge recommended that the Plaintiffs' Motion to Amend be denied, for two independent reasons, because of the Plaintiffs' untimeliness in filing the Motion and because of the Magistrate Judge's conclusion that allowing the Plaintiffs to amend their Complaint, as proposed, would be futile. Doc. #45. As to the first reason, the Magistrate Judge was not aware that the Court had previously indicated to the

7

parties that it would consider the Motion as timely filed. See Doc. #47 (Pls.' Obj. to R&R) at 1-2. The Court, therefore, finds this basis for the Magistrate Judge's recommendations to be improper. The Court will, thus, move onto a consideration of the futility conclusion and whether the proposed Amended Complaint would withstand a motion to dismiss.

As previously noted by this Court, in its Motion to Dismiss opinion, "there cannot be an express agreement and an implied contract for the same thing existing at the same time." Doc. #32 at 41 (quoting Hughes v. Oberholtzer, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954)). In distinguishing between the two types of claims, the Ohio Supreme Court has noted that "[t]he purpose of the quasi-contract action is not to compensate the plaintiff for any loss or damage suffered by him[,] but to compensate him for the benefit he has conferred on the defendant," with the ensuing obligation on behalf of the recipient, "to pay the reasonable worth of the benefit received." Id. at 41-42 (quoting Hughes, 162 Ohio St. at 335). Courts, therefore, must consider whether a complaint adequately alleges unjust enrichment, by focusing on whether it alleges that the "consideration moving to the plaintiff was inadequate to fairly compensate him for the benefit he had allegedly conferred on the defendant," thereby seeking to recover the value of what was furnished to the defendant (as opposed to the damages incurred by the plaintiff, as in a breach of express contract claim). Id. at 42.

With this legal analysis as a backdrop, the decision on the Motion to Dismiss

8

went on to conclude that the Plaintiffs' Complaint merely asserted that the Plaintiffs had conferred benefits upon the Defendant, instead of alleging that the consideration moving to the Plaintiffs was inadequate to fairly compensate them for the benefits they had conferred upon the Defendant.[3] Id. at 44.

> Nowhere in the Complaint is there an indication of the <u>value</u> of these benefits allegedly conferred or, more generally, that any transfer in consideration (e.g., by way of previous purchases of products) from the Defendant to the Plaintiffs was somehow deficient, as compared to the <u>value</u> of the benefits allegedly conferred upon the Defendant. Nor do the Plaintiffs pray to be compensated for the <u>value</u> of what they furnished the Defendant; rather, they seek <u>damages</u>.

Id. at 44-45 (emphasis in original). In conclusion, this Court concluded that the Complaint relied upon the express promises of the Plaintiffs' breach of contract claim, rather than alleging that the Defendant was unjustly enriched at the expense

---

[3]In reaching its conclusion, this Court pointed to the following language, in the Complaint:

> Plaintiffs conferred benefits upon Turtle Wax, including but not limited to: expenditures of monies in the research and development of the SPS and TD product lines; authorship and design of packaging and marketing materials for the SPS and TD lines; existing copyrights of Auto Chem products, product information sheets, hands-on marketing and sales training for Turtle Wax personnel; and disclosure of personal industry contacts and customers. Retention of these benefits by Turtle Wax without payments to Plaintiffs would be unjust.

Doc. #32 at 44 (citing Doc. #2 ¶¶ 69-70). Also noted was the Complaint's prayer for relief, which requested this Court to: "(1) enter judgment [in] favor of Plaintiffs and against Turtle Wax for compensatory damages in an amount in excess of $25,000 . . ., (2) enter judgment against Turtle Wax for punitive damages and attorney fees, and (3) award any additional relief deemed just and appropriate." Id. (citing Doc. #2 at 16).

9

of the Plaintiffs and, thus, dismissed the Plaintiffs' unjust enrichment claim. Id. at 45.

After reviewing this legal analysis, the Magistrate Judge considered the new language in the proposed Amended Complaint to see if it cured the problems pointed to in the Court's original Opinion. Specifically, the proposed Amended Complaint added the underlined text to the following paragraph:

> Plaintiffs conferred benefits upon Turtle Wax, including but not limited to: expenditures of monies in the research and development of the SPS and TD product lines; investment in equipment to manufacture the SPS and TD lines; <u>the purchase of raw materials to produce the SPS and TD lines; loans to continue to conduct business in furtherance of the TD and SPS lines; additional warehouse and storage expenses; development of a distribution company; capitalization and credit lines to support the SPS and TD lines</u>; authorship and design of packaging and marketing materials for the SPS and TD lines; existing copyrights of Auto Chem products; product information sheets; hands-on marketing and sales training for Turtle Wax personnel; and disclosure of personal industry contacts and customers.

Doc. #36-1 ¶ 62. The Magistrate Judge concluded that this language "do[es] not add any significant information to the Complaint about the <u>value</u> of the benefits conferred upon Turtle Wax; [it] merely set[s] forth further iterations of the types of benefits Plaintiffs conferred." Doc. #45 at 4.

The other new language, pointed to by the Magistrate Judge, is newly-added paragraph 63, which reads as follows:

> The value of the benefits conferred by Plaintiffs to Turtle Wax far exceeds the value of what Plaintiffs received in return.

Doc. #36-1 ¶ 63. The Magistrate Judge concluded that, although this language addresses value, "it does so in a generalized or conclusory manner." Id. at 4.

> The conclusion in paragraph 63, along with all the allegations in Plaintiff[s'] proposed Amended Complaint are insufficient to state [a] claim for relief based on a theory of unjust enrichment because the reader is left to speculate as to the amount of value Plaintiffs provided to Turtle Wax. While Plaintiffs need not allege the exact amount of value of the benefits conferred, they must provide sufficient allegations to give rise to a reasonable, and hence plausible, inference supporting their conclusion – i.e., that the value Plaintiffs provided to Turtle Wax far exceed the value of what they received in return.

Id. at 4-5 (citing, among others, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)).

The Plaintiffs have objected to the Magistrate Judge's Report and Recommendations, arguing that new paragraph 63 "set[s] forth an indication of the value of the benefits conferred" on the Defendant. Doc. #47 at 4-5. The Plaintiffs also argue that the Magistrate Judge has held them to a higher standard than is required under the Federal Rules of Civil Procedure, which only require that a complaint provide a "short and plain statement showing that the pleader is entitled to relief." Id. at 5 (citing Fed. R. Civ. Proc. 8(a)). They further argue that the Court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of operative facts in support of his claims that would entitle him to relief." Id. at 5-6 (quoting Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996)). The

11

Plaintiffs further contend that they have "stated a material obligation as to every element necessary to sustain relief" on their claim of unjust enrichment and, specifically, as to "value", admit that "[w]hile the specifics surrounding . . . value . . . might be scant in Auto Chem's Amended Complaint, the complaint serves to put the opposing party on notice of claims the plaintiffs intends to develop more fully at trial." Id. at 8.

As previously noted, in applying the "contrary to law" standard of review, this Court may only overturn the Magistrate Judge's conclusions of law only if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). In the present case, in applying the "plausibility" standard and finding that the Plaintiffs did not "provide sufficient allegations to give rise to a reasonable, and hence plausible, inference supporting their conclusion" that the value of benefits the Plaintiffs provided to the Defendant far exceeded the value of what they received in return, the Magistrate Judge used the most recent Supreme Court's precept of law, as enunciated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,167 L.Ed. 2d 929, 127 S. Ct. 1955 (2007). The Plaintiffs, on the other hand, have asked the Court

to apply the "no-set-of-facts" standard, which is now outdated. <u>Courie v. Alcoa Wheel & Forged Prods.</u>, 2009 U.S. App. LEXIS 18561, **4-5 (6th Cir. Aug. 18, 2009) ("The Supreme Court recently raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that had prevailed for the last few decades.") (citing <u>Iqbal</u>, 129 S. Ct. at 1949; <u>Twombly</u>, 550 U.S. at 555).

Because the Magistrate Judge's conclusions of law do not "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent," this Court ADOPTS her Report and Recommendations (Doc. #45), wherein she recommends OVERRULING the Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. #36), and OVERRULES the Plaintiffs' objections thereto (Doc. #47).

IV. <u>Conclusion</u>

The Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. #36) is OVERRULED. The Magistrate Judge's Report and Recommendations (Doc. #45) are ADOPTED, with the exception of her finding on the untimeliness of Plaintiffs' Motion to Amend, and the Defendant's objections thereto (Doc. #47) are OVERRULED.

As an aside, the Court would entertain one more Motion to Amend Complaint, <u>if</u> the Plaintiff's newly proposed Amended Complaint complies with the

pleading requirements, as set forth in both this Opinion and the Court's previous Opinion on Defendant's Motion to Dismiss, as to the unjust enrichment claim. Such Motion must be filed within ten (10) calendar days from date.

September 21, 2009

                                         /s/ Walter Herbert Rice
                                         WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT

Copies to:
Counsel of record